```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
         Criminal No. 08-280(DSD/FLN)
             Civil No. 13-1935(DSD)
```

United States of America,

       Plaintiff,

v.                                 **AMENDED ORDER**

Marcus Kwamena Benson,

       Defendant.

    Lola Velazquez-Aguilu, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Marcus Kwamena Benson, #14120-041, FCI Sandstone, P.O.Box 1000, Sandstone, MN 55072, pro se.

This matter is before the court upon the pro se motion by defendant Marcus Kwamena Benson to vacate his sentence pursuant to 28 U.S.C. § 2255. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

On September 15, 2008, Benson was indicted on twelve counts of access device fraud and aggravated identity theft. On October 2, 2008, Benson's counsel Arlene Perkkio filed several pretrial motions, including a motion to suppress evidence obtained during a search of Benson's home. See ECF No. 29. Benson thereafter sought a change of counsel and retained Arthur Martinez. ECF No. 45.

Martinez withdrew all motions filed by Perkkio and requested a cancellation of the scheduled motions hearing.  See ECF No. 51. Benson states that he was not informed of Martinez's withdrawal of the motions, and was instead told that the court had denied him a hearing on pretrial motions.  Benson Decl. ¶ 38.  Thereafter, a twenty-six count superseding indictment was filed on January 13, 2009, charging Benson with bank fraud conspiracy, bank fraud, access device fraud, aggravated identity theft, possession of document-making implements, possession of unauthorized access devices and possession of device-making equipment.  ECF No. 66.

On February 27, 2009, a jury convicted Benson on all twenty-six counts.  ECF No. 90.  The court granted Martinez's motion to withdraw as counsel on March 11, 2009.  ECF No. 93.  Benson absconded from post-trial supervision before sentencing.  Benson was eventually arrested in Ghana, extradited to Minnesota and transferred to federal custody.  On February 3, 2012, Benson was sentenced to a total term of imprisonment of 144 months and ordered to pay $264,857.14 in restitution.  ECF No. 135.  Benson appealed, arguing that his sentence was unreasonable.  On January 10, 2013, the Eighth Circuit Court of Appeals affirmed the sentence. United States v. Benson, 496 F. App'x 688, 689 (8th Cir. 2013) (per curiam).

On July 18, 2013, Benson filed the present § 2255 motion, claiming ineffective assistance of trial counsel.[1] The government timely responded.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court.  28 U.S.C.

---

[1] Benson also moved for appointment of counsel and filed an application to proceed in forma pauperis (IFP). See ECF Nos. 175, 186. "There is no general right to counsel in post-conviction habeas proceedings for criminal defendants." United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citations omitted). Although a district court must appoint counsel for an indigent prisoner when the court holds an evidentiary hearing on a § 2255 motion, the court determines that no such hearing is required in the instant case. See Roney v. United States, 205 F.3d 1061, 1062 (8th Cir. 2000).  As a result, the court denies the request for appointment of counsel.

With regard to the IFP application, the court "may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  No fee is required, however, to file a § 2255 petition. See, e.g., Sheldon v. Hollingsworth, No. 05-319, 2005 WL 846220, at *2 (D. Minn. Apr. 4, 2005).  As a result, the application is moot.

Finally, Benson filed two motions for an extension of time to reply to the government's response. See ECF Nos. 187, 188. "The [c]ourt, in its discretion, may determine whether to allow a petitioner to submit a reply brief." United States v. McElrath, Nos. 03-235, 08-5291, 2009 WL 1657453, at *2 (D. Minn. June 11, 2009) (citations omitted). On April 11, 2014, Benson submitted a reply to the government's response. ECF No. 189.  The reply does not supplement the record before the court and merely restates arguments previously made by Benson in support of his § 2255 petition.  As a result, the court does not consider the reply.

3

§ 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Such collateral relief is an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

To prevail on a § 2255 motion based on ineffective assistance of counsel, Benson must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, Benson must show that his counsel's performance was so deficient that it was objectively unreasonable. See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not

4

defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689-90 (citation omitted). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689 (citation omitted). Second, Benson must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Benson argues that his attorney provided ineffective assistance by (1) withdrawing the suppression motion, (2) failing to advise him of the elements and penalties of the crimes charged and (3) failing to prepare adequately for trial.

**I.   Withdrawal of Suppression Motion**

Benson first argues that Martinez's withdrawal of the suppression motion previously filed by Perkkio constituted ineffective assistance. The motion sought to suppress evidence obtained from a search of Benson's home and argued that "any search warrant ... [lacked] probable cause" or, alternatively, that the search was executed without a warrant, consent or exigent circumstances. ECF No. 29, at 1. Benson's wife, however, explicitly consented to the search at issue. See ECF No. 185, Ex. 2. Nothing in the record suggests that Benson's wife was coerced into providing consent, and Benson's self-serving statements to that effect do not establish a basis for relief. See United States

5

v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996). As a result, the withdrawn suppression motion was not meritorious. See United States v. Eldridge, 984 F.2d 943, 948 (8th Cir. 1993) ("[C]onsent to a search may be given ... by a third party who possesse[s] common authority over or other sufficient relationship to the premises ... sought to be searched." (third and fourth alterations in original) (citation and internal quotation marks omitted)).

Moreover, Martinez states that Benson was informed of the facts and law relevant to the suppression motion, consented to its withdrawal and was never told he had been denied an evidentiary hearing. Martinez Aff. ¶¶ 2, 6; see United States v. Arvizu, 270 F.3d 605, 606 (8th Cir. 2001) (considering counsel's affidavit in affirming denial of § 2255 petition based on ineffective assistance claim). Indeed, "[t]here is an absence of any evidence in the record to counter" Martinez's statement that the suppression motion was withdrawn with Benson's consent. Id. Thus, the court cannot say that Martinez rendered objectively unreasonable assistance. A decision to withdraw a non-meritorious suppression motion falls well within the scope of reasonable assistance. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (holding that, to prove ineffective assistance based on failure to bring suppression motion, defendant must "prove that his Fourth Amendment claim is

meritorious."). As a result, Benson cannot establish that withdrawal of the suppression motion constituted ineffective assistance.

## II. Failure to Advise

Benson next argues that Martinez failed to advise him of necessary information, rendering his decision to continue to trial rather than enter into a plea agreement involuntary and unintelligent. Specifically, Benson claims that Martinez "was ineffective for failure to inform [him] of the proper elements of the crime[s] and the penalties the [p]etitioner was facing if convicted." ECF No. 173, at 5. Martinez states, however, that he met with Benson on multiple occasions to review the applicable law and sentencing guidelines. Martinez Aff. ¶¶ 3-5, 8-9. According to Martinez, he "spent a significant amount of time" discussing the nuances of the charges with Benson. Id. ¶ 9. Moreover, Benson was given ample time to address the court during his sentencing hearing and did not express any misunderstanding of the elements or potential penalties of the offenses. Sent. Tr. 5:4-9:13. At the end of the hearing, the court asked if anything else should come before the court, and Benson said nothing. Id. at 22:20-23. Given Martinez's statements that he informed Benson of the law and possible penalties, and the absence of evidence in the record showing confusion by Benson, Benson cannot establish ineffective assistance based on the alleged failure of communication.

**III.  Failure to Prepare for Trial**

Finally, Benson argues that Martinez failed to prepare adequately for trial.  Specifically, he claims that Martinez "fail[ed] to investigate witnesses, [and] ... fail[ed] to interview previous counsel[, Perkkio,] and [p]etitioner's wife."  ECF No. 173, at 7.  Benson stated in his declaration, however, that "on October 13, 2008, ... Perkkio[] called to inform[] [him] that she and Mr. Martinez ha[d] consulted."  Benson Decl. ¶ 28.  Moreover, as already explained, Martinez states that he met with Benson and his wife prior to trial in order to "review the evidence against him."  Martinez Aff. ¶ 7.  As a result, these claims of ineffective assistance based on inadequate trial preparation are contradicted by the record.

Benson also argues that Martinez failed to cross-examine various government witnesses, including Tim Swierczek.  Martinez cross-examined six of the eighteen witnesses called by the government.  See Trial Tr. 2:6-16; 73:2-74:19; 292:2-8.  Martinez did not cross examine Swierczek.  Benson argues that cross-examination of Swierczek would have revealed inaccuracies in his testimony relating to Benson's property interests.  ECF No. 173, at 7.  In general, the court "will not second-guess strategic decisions or exploit the benefits of hindsight" in evaluating counsel's trial strategy.  Payne v. United States, 78 F.3d 343, 345 (8th Cir. 1996) (citation omitted).  As a result, without more,

8

Benson's vague claim based on Martinez's decision not to cross-examine certain witnesses "fail[s] to demonstrate how his counsel's representation fell below an objective standard of reasonableness." Pollard v. Armontrout, 16 F.3d 295, 298 (8th Cir. 1994) (citation omitted). This alone warrants denial of the portion of the ineffective assistance claim premised on the failure to cross-examine.

Even if Benson could demonstrate that the decision not to cross-examine Swierczek amounted to objectively unreasonable assistance, however, he cannot show that the cross-examination would have created a reasonable probability of a different outcome at trial. See Cox v. Wyrick, 642 F.2d 222, 227 (8th Cir. 1981). Benson argues that he "explained to Mr. Martinez that [he] did not own the properties in question" and repeatedly asked Martinez to cross-examine Swierczek. Benson Decl. ¶ 40. Swierczek, however, did not testify unequivocally that Benson was the owner of the properties at issue. Rather, Swierczek testified that he was uncertain as to the legal nature of Benson's ownership interest in several properties. See Trial Tr. 318:12-22, 319:6-18. Moreover, the government's theory of the case did not rely exclusively on Benson's ownership of the properties in question. See Trial Tr. 10:3-10. Benson was convicted on twenty-six counts following a four-day trial, during which the government presented extensive evidence in the form of testimony, surveillance video, documents

9

and other exhibits. As a result, there is simply no basis to infer that the decision not to cross-examine Swierczek impacted the outcome of the trial. See Cox, 642 F.2d at 227. Thus, for this additional reason, denial of the ineffective assistance claim for failure to cross-examine is warranted.

After review, the court determines that Benson cannot show that defense counsel's performance was deficient. Therefore, Benson is not entitled to § 2255 relief, and denial is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside or correct sentence [ECF No. 173] is denied;

2. The motion to appoint counsel [ECF No. 186] is denied;

3. The application for leave to proceed in forma pauperis [ECF No. 175] is denied as moot;

4. The motions for an extension of time to file a reply [ECF Nos. 187, 188] are denied as moot;

5. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 16, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
